IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN ANTONUCCIO,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 24-4730 |
| | : | |
| **TODD SMITH,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 24th day of January 2025, upon consideration of Plaintiff Brian Antonuccio's *pro se* Amended Complaint (DI 6), it is **ORDERED**:

1. For the reasons stated in the Court's Memorandum, the following claims in the Amended Complaint are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

    a. All § 1983 claims against the Upper Moreland Township Police Department are **DISMISSED WITH PREJUDICE**.

    b. The following claims are **DISMISSED WITHOUT PREJUDICE**: (1) all official capacity claims against Todd Smith, Mark Bouldin and Kelly Ruddell; (2) all municipal liability claims asserted against Upper Moreland Township and Montgomery County; (3) any claim alleging malicious prosecution; and (4) any claim alleging deliberate indifference to medical needs.

2. The Clerk of Court is **DIRECTED** to **TERMINATE** the Upper Moreland Township Police Department as a Defendant in this case.

3.     The Clerk of Court is **DIRECTED** to send Mr. Antonuccio a blank copy of the Court's standard form complaint for prisoners to use to file a civil rights complaint bearing the above civil action number.

4.     Mr. Antonuccio is given thirty (30) days to file a second amended complaint in the event he can allege additional facts to state plausible claims for the claims that have been dismissed without prejudice.  **If Mr. Antonuccio files a second amended complaint, his second amended complaint must be a complete document that includes the factual basis for each of Mr. Antonuccio's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  This means that if Mr. Antonuccio files a second amended complaint, he must include allegations related to his excessive force claims against Todd Smith, Mark Bouldin, and Kelly Ruddell, which have not been dismissed, if he seeks to proceed on those claims.  Claims that are not included in the second amended complaint will not be considered part of this case because the second amended complaint becomes the pleading upon which the case will proceed.**  Any second amended complaint shall identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for Mr. Antonuccio's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 24-4730.  When drafting his second amended complaint, Mr. Antonuccio should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.     If Mr. Antonuccio does not file a second amended complaint, the Court will direct service of his Amended Complaint on Defendants Todd Smith, Mark Bouldin, and Kelly

3

Ruddell only. Mr. Antonuccio may also notify the Court that he seeks to proceed only on these excessive force claims, rather than file a second amended complaint. If he files such a notice, Mr. Antonuccio is reminded to include the case number for this case, 24-4730.

6. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

_____
MURPHY, J.